STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Larry Rendall McMANUS, Respondent.

OBAD No. 1114.
SCBD No. 3934.

Supreme Court of Oklahoma.

May 24, 1994.

ORDER

HODGES, Chief Justice.

Upon consideration of (1) respondent's affidavit, prepared in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, by which a request is made that he be allowed to relinquish his license to practice law and membership in the Oklahoma Bar Association [Bar] and (2) complainant's Application For Order Approving Resignation Pending Disciplinary Proceedings, THE COURT FINDS:

1. Pending disciplinary proceedings, respondent Larry Rendall McManus tendered on April 12, 1994 his resignation as an active Oklahoma legal practitioner.

2. Respondent's resignation was freely and voluntarily tendered; he was not acting under coercion or duress and was fully aware of the legal consequences that would follow from his resignation.

3. Respondent *was aware* that (a) a formal complaint had been filed with the Bar, charging him with two counts of professional misconduct, and (b) a panel of the Professional Responsibility Tribunal had announced its intention to recommend that he be suspended for two years and one day.

4. Respondent *was aware* that three *other grievances* were then under investigation by the General Counsel of the Bar. A copy of respondent's April 12, 1994 affidavit is attached to this order.

5. Respondent recognizes and agrees that he may not apply for reinstatement of his license and of membership in the Bar before the expiration of five years from the date of this order.

6. Respondent has agreed to comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A, and he acknowledges that his license to practice law may be reinstated *only upon compliance* with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

7. Costs totalling $734.02 were incurred during the investigation of counts now pending against respondent.

8. Respondent's resignation pending disciplinary proceedings is in compliance with

Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

9. Respondent's name and address appear on the official roster maintained by the Bar as: Larry Rendall McManus, 3923 N. Pennsylvania Ave., Oklahoma City, Oklahoma 73112.

IT IS THEREFORE ORDERED THAT complainant's application and respondent's resignation be approved, conditioned upon respondent's payment of costs in the amount of $734.02.

IT IS FURTHER ORDERED THAT respondent's name be stricken from the Roll of Attorneys, and that he may not apply for reinstatement of his license to practice law and of membership in the Bar before the lapse of five years from the date of this order.

IT IS FURTHER ORDERED THAT respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, OPALA, KAUGER and WATT, JJ., concur.

ALMA WILSON and SUMMERS, JJ., dissent.

### APPENDIX

*AFFIDAVIT OF LARRY RENDALL MC-MANUS REGARDING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS*

STATE OF OKLAHOMA

COUNTY OF Oklahoma

Larry Rendall McManus, of lawful age comes upon oath and deposes and states:

1. My name is Larry Rendall McManus, my OBA number is 6059, and I was admitted to the practice of law on October 19, 1979.

2. I am submitting this affidavit pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, ("RGDP"), 5 O.S. Ch. 1, App. 1–A (1991).

3. I desire to resign and:

(a) I am rendering my resignation freely and voluntarily;

(b) I am not being submitted to coercion or duress;

(c) I am aware of the consequences of submitting this resignation.

(d) I am aware that this resignation is subject to the approval of the Supreme Court of the State of Oklahoma; however, I intend that it be effective from the date and time of its execution, and I will conduct my affairs accordingly.

4. I am aware that a formal complaint, OBAD # 1114, SCBD # 3934, has been filed against me and is pending at the Oklahoma Supreme Court. A hearing was held on that complaint, which I did not attend, even though I had notice of its date and time. I understand that the Trial Panel of the Professional Responsibility Tribunal has not yet filed its Trial Panel Report with the Supreme Court, but that it announced at the end of the hearing that it intended to recommend to the Supreme Court that I be suspended for two years and one day.

5. I am aware that the following grievances have been lodged with the Office of the General Counsel of the Oklahoma Bar Association and are presently being investigated:

(a) DC 93–409, lodged by Lois Larson Dobbins. The allegation by Ms. Dobbins is that I have been previously disciplined for neglecting her lawsuit, but agreed to finish it. She alleges that I have since continued to neglect the suit and have failed to communicate with her.

(b) DC 93–320, by Ralph Scarborough, wherein he alleges that I took $300.00 to represent Mr. Scarborough in a divorce case, but I then moved and left no forwarding address and never made any attempt to get in touch with Mr. Scarborough.

(c) DC 94–40, initiated by Virginia Robison. In this grievance, Ms. Robison alleges that I will not provide a copy of her file and did not respond to a letter from the Oklahoma Bar Association asking me to communicate with Ms. Robison when she indicated that she

was having difficulty communicating with me.

(d) In relation to each grievance listed in a, b, and c above, the Oklahoma Bar Association alleges that I have not responded to the notice of grievance and request for response sent me. This failure to respond is despite the fact that at least one of these grievances was served on me personally, and the fact that an investigator for the Bar has called my residence repeatedly and left messages for me to return his calls.

6. I have also been previously reprimanded by the Supreme Court for neglect of a client matter and for trust account violations.

7. I am aware that the burden of proof regarding the allegations set forth in paragraph four (4) and paragraph five (5) rests upon the Oklahoma Bar Association. However, I hereby waive any and all right to contest the allegations.

8. I have familiarized myself with the provisions of Rule 9.1, RGDP, and do hereby agree to comply with all provisions of Rule 9.1 within twenty (20) days following the date of this resignation.

9. I acknowledge and agree that I may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that I may make no application for reinstatement prior to the expiration of five (5) years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

10. I acknowledge that as a result of my conduct the Client Security Fund may receive claims from my former client.

11. I agree that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, I will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

12. I agree to pay all costs incurred by the Oklahoma Bar Association in the investigation of the above-stated matters.

13. Having so stated and affirmed, I hereby request that I be allowed to resign my membership in the Oklahoma Bar Association and relinquish my right to practice law.

FURTHER AFFIANT SAYETH NOT.

/s/ Larry Rendall McManus
LARRY RENDALL McMANUS

Subscribed and sworn to before me this 12th day of April, 1994.

/s/ Cheryl L. Beatty
Notary Public

My Commission Expires:

8/13/96

Approved as to form:

/s/ John E. Douglas
John E. Douglas, OBA # 2447
Assistant General Counsel
Oklahoma Bar Association
1901 N. Lincoln Blvd.
P.O. Box 53036
Oklahoma City, OK 73152
(405) 524-2365